## In the matter of Mary Sinclair's Will.

The legislation of this State, as it now exists, does not permit a will lost, spoliated or destroyed, to be established, unless it existed subsequently to the death of the testator.

This is a petition in error to reverse the judgment of the Court of Common Pleas of Monroe county.

The record shows that Mary Sinclair, in her lifetime, made a will ; that it was reduced to writing, and by her subscribed, and by two subscribing witnesses properly attested ; that she was of testamentary capacity, and died without revoking the will ; and that it was destroyed in her lifetime, and without her consent or agency ; and that a " true copy, in substance though not in form," of said will, was produced to the court below.

The common pleas, before which the matter had been taken by appeal from the probate court, upon this statement of facts gave judgment admitting the will to record as the valid last will and testament of Mary Sinclair, deceased.

To reverse this judgment, an heir at law prosecutes this petition in error.

*C. C. Carroll* and *John Sinclair*, for the heir at law.

*B. S. Cowen* and *Hollister & Oakey*, for the legatees.

J. R. Swan, J.

In the case of *Morningstar* v. *Selby,* 15 Ohio Rep. 345, it

In the Matter of Sinclair's Will.

was held that a court of chancery had no jurisdiction in the establishment of a spoliated will. As to whether such a will could be admitted to probate by the court having jurisdiction of probate and testamentary matters, was by that decision left in doubt. That doubt arose from the fact that the law of 1840 relating to wills, pre-supposes throughout that the testamentary instrument is produced; and the statute makes no provision whatever for the proof of lost or spoliated wills. As the whole subject of proof, and the legal effect of wills when recorded, seemed to be provided for, and an entire omission on the part of the general assembly to provide for the recording and the effect of a record of the evidence relating to the contents of a will, a doubt as to the power of the probate court in such case might well be entertained. If, however, at the time of the decision of the case of *Morningstar* v. *Selby*, probate courts had taken jurisdiction, it must have been done on the ground that courts of other States had received proof of lost and spoliated wills; that it was a subject of jurisdiction incident to a probate court; and that the legislature had inadvertently omitted to provide for it. Courts in England and in this country having received to record the depositions of witnesses proving the execution and contents of wills lost by accident and spoliated, as well before as after the death of the testator, our own courts, if they exercised jurisdiction at all, would, in the absence of all statutes, exercise it to the like extent; and inasmuch as a testator may voluntarily cancel or destroy his will during his lifetime, it is evident that in establishing a will lost or destroyed before the death of the testator, the court would be much more likely to be imposed upon, than when establishing a will which is shown to have existed after the decease of the testator. Bearing in mind this very obvious difference between establishing a will lost or destroyed before, and one lost or destroyed after the death of the testator, let us examine the law of the State relating to this subject.

The general assembly, at their next session after the publication of the decision of the court in the case of *Morningstar* v. *Selby*, passed a law containing the following recital (46 Ohio Laws 66) :

" Whereas, doubts exist whether, by virtue of the provisions

of the act relating to wills, etc., the courts of common pleas, as courts of probate, have power to take the proof and admit to probate duly executed last wills and testaments, which have been lost, spoliated, or destroyed, but not revoked, and which cannot be produced for probate; therefore, for the purpose of removing all doubts upon that subject," the general assembly then provided:

"Sec. 1. That the several courts of common pleas in this State, * * * shall have full power and authority to admit to probate any last will and testament, * * * not revoked at the death of the testator, where such original will has been lost, spoliated or destroyed *subsequently to the death of such testator*, and cannot be produced in court," etc. This section is the forty-seventh section of the present act relating to wills. Swan's Stat., rev. ed., 1030.

After providing in this law for the mode of taking proof of the execution and contents of such lost or spoliated will, the fourth section provides:

"If the court upon such proof shall be satisfied that such last will and testament was duly executed in the mode provided by the law, in force at the time of its execution, that the contents thereof are substantially proven, and that the same is unrevoked at the death of the testator, and has been lost, spoliated, or destroyed, *subsequent to the death of such testator*, such court shall find and establish the contents of such will, as near as the same can be ascertained, and cause the same, and the testimony taken in the case, to be recorded."

Now, it is beyond all doubt, that the whole subject of lost, destroyed and spoliated wills, was before the general assembly for its consideration and legislation; and that, as expressly as language could do, they confined their legislation to wills existing at the decease of the testator, and subsequently lost, spoliated or destroyed. They prescribe the notice to be given of the proof of such wills, the mode of taking the proof, the final order of the court establishing the contents of the will, and the legal effect of the contents when so found and recorded. If all this legislative machinery was to establish a will lost after the death of the testator, why is it that all provision whatever is omitted for the establish-

ment of proof and record of a will lost before the decease of the testator ? The answer is obvious : The general assembly deemed it either impolitic, as opening the door to imposition and perjury, or unnecessary, to permit wills lost or destroyed before the decease of the testator, to be established.

This court cannot, by construction, enlarge the terms of a statute so studiously limited and circumscribed. Prior laws omitted wholly to provide for the subject; so that whatever doubt might be entertained of the jurisdiction of probate courts, when the case of *Morningstar* v. *Selby* was decided, the existing legislation was intended to cover the whole ground, and will not permit a will lost, spoliated or destroyed, to be established, unless it existed subsequently to the death of the testator.

*Judgment below reversed.*