### No. 772

### SCOTT v. INTERLOCK. CORD TIRE & BELT CO.

Ohio Appeals, 9th District, Summit County
No. 579. Decided March 29, 1923

### 313. RECEIVERSHIP.

Allowance of creditors' claim not equivalent to personal judgment.

### 294. PLEADINGS.

Where personal judgment is sought, pleading is necessary—Lack of pleadings and process, limits nature of the case.

MAUCK, J.

#### Epitomized Opinion

Stockholders of Tire & Belt Co. had a receiver appointed for it, in Summit Common Pleas. Some creditors filed cross petitions, but most of the creditors, including Bibb Mfg. Co., filed claims with master commissioner who was appointed to pass on claims. Master commissioner allowed Bibb claim

mounting to $23,000. Exceptions were made to allowance of this claim, but Common Pleas found exceptions not well taken, and approved journal entry, adjudging and decreeing that Bibb Co. recover from Tire & Belt Co. $23,000. The latter filed notice of its appeal and the court fixed the bond at $800. Bibb Co. moved to dismiss the appeal on the ground that the appeal bond should be double the sum of the judgment because the judgment below was a personal one. In overruling the motion, the Court of Appeals held:

1. It was not necessary for Bibb Co. to file any pleading to have its claim allowed. Neither pleading or process were had by Bibb Co. against Tire & Belt Co. The authorities are uniform that a case not pleaded is no case at all. Where a personal judgment is sought, it should be demanded by a pleading showing the grounds therefor. 31 OS. 80; 6 OS. 290.

2. While the Common Pleas, in making its finding in favor of Bibb Co., used the language that is ordinarily used in the rendition of a personal judgment, that language is limited by the nature of the case and by the lack of pleadings and process.

Attorneys—Burch, Bacon & Denlinger, for Cord Tire & Belt Co.; Sieber, Sieber & Amer, for Bibb Mfg. Co.