DAVID D. VINCENT, Plaintiff, *v*. DENNIS J. KELLY and MARY
KELLY, Defendants.

Supreme Court, New York County, May, 1922.

Insurance — war risk insurance — attempt to name as beneficiaries persons not within the act — when proceeds will be impressed with a trust in favor of those legally entitled thereto.

The purpose of the War Risk Insurance Act is to provide protection for relatives of soldiers and sailors within prescribed limits to the exclusion of all other persons. Decedent upon taking out a policy of life insurance under the War Risk Insurance Act gave to his brother, one of the defendants, who at the time was his only relative then residing in the United States who came within the class of persons permitted by said act to be named as beneficiaries and to receive such insurance, the names of certain persons who were to share proportionately in the proceeds of the policy, some of whom were not within the class prescribed by the act. *Held*, that the trust attempted to be created for the benefit of those not within the class prescribed by the act, and in violation of its purpose, was illegal.

It appearing in a suit to impress a trust upon the proceeds of the policy that defendant had recognized the claims of those not within the statute, to share in the subject-matter of the attempted trust, the court will not permit the defendant to retain said proceeds but will declare a trust therein in favor of those legally entitled thereto under the act.

SUIT to impress a trust on the proceeds of a life insurance policy.

*Francis Dwight Dowley* (*John V. Bouvier, Jr.,* of counsel), for plaintiff.

*Joseph J. Speth* (*Chester T. Krouse,* of counsel), for defendant.

FINCH, J. This is an action to impress a trust upon the proceeds of a policy of insurance issued by the United States to one John J. Kelly, deceased, under the provisions of the War Risk Insurance Act. The purpose of said act appears to be to provide protection for relatives of soldiers and sailors within prescribed limits, to the exclusion of all other persons. This is shown particularly by the act of December 24, 1919, sections 15 and 16, amending section 402 of said War Risk Insurance Act.

The defendant is a brother of the said John J. Kelly, and at the time of the application for the insurance was the only relative of the deceased then residing in the United States who came within the class of persons permitted by the War Risk Insurance Act to be named as beneficiaries and to receive such insurance. It was shown at the trial that the said John J. Kelly at about the time he procured the insurance gave to the defendant the names of certain persons who were to share proportionately in the proceeds of the policy. Some of these persons were not within the class prescribed by the act. It was also shown that the defendant had recognized the claims of these persons to share in the proceeds of the policy in the proportions indicated by the deceased. In other words, it appears that the deceased had sought to evade the provisions of the War Risk Insurance Act by creating a trust for the benefit of persons not within the class prescribed by the act and in violation of its purpose. It necessarily follows that such trust is illegal and cannot be enforced. As was said by Mr. Justice Bartlett in *Fairchild* v. *Edson,* 154 N. Y. 199, 219, in considering an analogous statute: "It needs no argument to demonstrate that a secret trust, having for its object the circumvention of this statute, is void." This being so, a court of equity will not permit the defendant to retain the proceeds of the policy, the subject of the attempted trust, but will declare a trust in favor of those legally entitled to receive such proceeds. *Fairchild* v. *Edson, supra; O'Hara* v. *Dudley,* 95 N. Y. 403. Settle all proposed findings and decree accordingly on notice, and if either party objects to any finding proposed by opponent, kindly so state, giving reasons therefor.

Decreed accordingly.