(No. 29586.—

CHARLES HESKER, Appellant, *vs.* HARRY SHAFFER *et al.,* Appellees.

*Opinion filed September 18, 1946.*

L. P. HARRIS, and C. E. KIMMEL, both of DuQuoin, for appellant.

GEORGE W. DOWELL, of Salem, for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

This is an appeal from a decree entered in the circuit court of Perry county finding against appellant (plaintiff) on his complaint to confirm title in himself as the sole heir of the last survivor in a joint tenancy, and decreeing in favor of appellee Harry Shaffer, (defendant,) on his counterclaim for partition.

The facts are as follows: February 20, 1940, Charles Shaffer and his wife, Amanda Shaffer, conveyed by warranty deed the premises involved to his brother, Harry Shaffer. It was the statutory form·of deed, purporting to be in consideration of one dollar, describing the property, and containing the words "this deed is given to secure a loan and is subject to taxes on said property," following the description. The deed was properly signed, sealed and acknowledged. February 22, 1940, appellee Harry Shaffer

reconveyed the same premises by warranty deed, in statutory form, to Charles Shaffer and Amanda Shaffer, husband and wife, not as tenants in common but in joint tenancy, with the right of survivorship. February 26, 1940, the first mentioned deed was recorded, and the second mentioned deed was recorded March 30, 1944. Charles Shaffer died August 17, 1944, and Amanda Shaffer died November 30, 1944, so all of the deeds were executed and recorded during the lives of the parties thereto. The heirs-at-law of Charles Shaffer, who died childless, were the widow, Amanda Shaffer, and appellee Harry Shaffer and Nettie Weaver, brother and sister of the deceased. The appellant, Charles Hesker, is the only heir of Amanda Shaffer, the surviving wife.

The original complaint was filed April 24, 1945, by Charles Hesker, as heir-at-law of Amanda Shaffer, for the purpose of obtaining a decree to have expunged the words "given to secure a loan" contained in the deed to Harry Shaffer, and to have the court construe the second deed as vesting title in Charles Shaffer and Amanda Shaffer, as joint tenants, and consequently, upon the death of both, in the legal heirs of Amanda Shaffer.

The appellee Harry Shaffer filed an answer and counter-complaint. In the answer he alleges the deed was without consideration and, being without consideration, was void. He disclaims knowledge as to whether the deed contained the words referring to a loan, but alleges if they were included they were incorporated for the purpose of keeping the creditors of Charles Shaffer from taking the property. He also filed a counterclaim, in which he sets forth that because the original deed to him was void for want of consideration the title to the property in question was vested in Charles Shaffer at the time of his death, and consequently the wife, Amanda Shaffer, and a sister, Nettie Weaver, and he were the only heirs of Charles Shaffer, and prayed partition.

Upon a hearing, a decree was entered by the court finding the deed of February 20, 1940, was made without consideration, purported to secure a debt when no debt existed, and was therefore null and void; that the deed of February 22, 1940, purporting to convey the real estate to Charles and Amanda Shaffer in joint tenancy was void and constituted a cloud upon the title of Charles Shaffer, because Harry Shaffer never acquired any title thereto. The decree also found a quitclaim deed from Nettie Weaver and her husband to Charles Hesker was made by a mutual mistake, and ordered that any consideration paid by the grantee to the grantors be returned to the grantee, and the said deed be decreed null and void and canceled. Nettie Weaver was not a party to the proceeding, did not pray for such relief, and none of the pleadings contained any allegation relating to her interest. Appellant comes directly to this court since a freehold is involved.

The deed of February 20, 1940, was under seal and properly signed and acknowledged by the grantors, and recited a consideration of one dollar. We have held a number of times that a deed in statutory form, under seal, reciting a consideration, cannot be invalidated and declared void for want of consideration. (*Greer* v. *Carter Oil Co.* 373 Ill. 168; *Poe* v. *Ulrey*, 233 Ill. 56; *Stannard* v. *Aurora, Elgin and Chicago Railway Co.* 220 Ill. 469.) Appellee is in no position to deny a delivery to him of the deed of February 20, 1940. In the first place his own acts were sufficient to show an acceptance of the deed. In *Coleman* v. *Coleman,* 216 Ill. 261, it was held that acceptance of a deed sufficiently appears from the fact he executed and delivered an instrument carrying out certain provisions contained therein. Further, an unconditional deed, expressly warranting the title in fee, estops the grantor from thereafter setting up any claim to the property conveyed because of insufficient title in himself. (*Thornton* v. *Louch,* 297 Ill. 204.) These considerations aid the prin-

ciple of law that recording a deed creates the presumption that it has been delivered. (*Crow* v. *Crow,* 348 Ill. 241; *Harshbarger* v. *Carroll,* 163 Ill. 636.) The manual possession of a deed by the grantee is not necessary to the conveyance of the title, provided intention to deliver is shown. (*Crow* v. *Crow,* 348 Ill. 241; *Abernathie* v. *Rich,* 256 Ill. 166.) No question is raised but that the deed of February 22, 1940, from Harry Shaffer to Charles Shaffer and Amanda Shaffer was sufficient to create a joint tenancy with the right of survivorship, in the manner provided by law. The fact the deed of February 20, 1940, contained the legend "this deed is given to secure a loan" does not in itself change the legal effect of the document. Charles Shaffer and wife executed what purported to be a warranty deed containing these words. The grantee likewise conveyed back to them the same property in joint tenancy by a warranty deed. There is nothing in the words themselves which indicates the first instrument was otherwise than an absolute conveyance. And further, the only one who could object to the form of the reconveyance deed would be Charles Shaffer or Amanda Shaffer. The pleadings of the parties and the decree of the court find there was in fact no loan. Under such proof the words were simply mere verbiage and surplusage, having no effect whatever upon the title or estate passed by the deed of February 20, 1940.

The decree also purported to vacate and set aside a deed made by Nettie Weaver to appellant. Mrs. Weaver was not a party to this suit. There is no prayer in the complaint, nor in the cross complaint, to set aside this deed, and no reason appears why such a provision was included in the decree, for there was no jurisdiction of her person authorizing such a decree. If it be assumed that appellee's contention is correct, and that title at all times remained in Charles Shaffer, the deed of Nettie Weaver as heir would nevertheless be valid, and conveys her interest to appellant.

This decree was absolutely void as to Nettie Weaver, and was erroneous as to appellant, as there is no allegation nor anything in the complaint or cross complaint to justify it.

The stipulation of facts contained a statement of what the appellee Harry Shaffer and appellant, Charles Hesker, would testify to if their evidence was competent. The court held their testimony was incompetent, and in this the court was correct. The competent evidence in this case shows there was a valid deed made from Charles Shaffer and wife to Harry Shaffer, and that the latter made a valid deed of conveyance to Charles Shaffer and Amanda Shaffer as joint tenants, and that upon the death of the last survivor of them intestate the legal title to such property would pass to the heirs of such survivor. In this particular instance, the appellant, Charles Hesker, is the legal heir of the last survivor and takes the title to such real estate as a matter of law. It results, therefore, that the cross complaint of appellee Shaffer was without merit and established no cause of action.

From the foregoing, it results that the decree of the circuit court of Perry county was erroneous in granting the prayer of the cross complaint, and in denying the relief prayed by appellant, Charles Hesker, in the original complaint; and likewise in error in setting aside the deed dated February 15, 1945, from Nettie Weaver to Charles Hesker, appellant.

The decree of the circuit court of Perry county is, accordingly, reversed and the cause remanded, with directions to dismiss the cross complaint of appellee Shaffer for want of equity; to set aside the decree vacating and holding void the deed of Nettie Weaver to Charles Hesker, and the decree holding the deeds of February 20, 1940, and February 22, 1940, were void, and in lieu thereof to enter a decree granting to appellant the relief prayed in his complaint, and such other relief as comports with the directions given herein.

*Reversed and remanded, with directions.*