**BRAWNER, Plaintiff-Appellee, v. WELFARE FINANCE CORP. et, Defendant-Appellee, and MIDWESTERN INDEMNITY CO., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2069.   Decided November 30, 1950.

Scharrer, Scharrer & Hanaghan, Dayton, for plaintiff-appellee.

Shaman, Winer & Shulman, Dayton, for Welfare Finance Corp., defendant-appellee.

Southard & Rothberg, Dayton, for James H. Dodds, defendant-appellee.

Harshman & Young, Dayton, for Midwestern Indemnity Co., defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment on behalf of the plaintiff against the defendant-appellant for $858.00 with interest and costs.

Ten errors are assigned, which we set forth hereafter as we discuss them.

To appreciate and give application to the errors assigned it will be necessary to state the pleadings and facts developed at considerable length.

The action was instituted in the Municipal Court of the City of Dayton by the plaintiff against defendant, Welfare Finance Corporation, and defendant, James H. Dodds.

The statement of claim recited that plaintiff, on or about September 3, 1948, being the owner of a 1941 Buick automobile, made application to the Welfare Finance Corporation for a $400.00 loan which was granted upon the condition that the plaintiff place fire, theft, and $50.00 deductible collision insurance on the automobile in addition to note and chattel mortgage; that the corporation agreed that it would place the insurance, obtain the policy and pursuant to that agreement took an application of the plaintiff for insurance, and retained $55.00 to pay the premium thereon; that the policy to be issued was for one year from and after September 3, 1948. Plaintiff further averred that defendant, Dodds, "although receiving said application for insurance, and receiving and accepting said premium for insurance, never insured said automobile with any insurance company for fire, theft and $50.00 deductible collision, and further states that the defendant, the Welfare Finance Corporation, never obtained said policy of insurance, and failed and neglected to inform plaintiff that it had never obtained such insurance, or policy evidencing such insurance, according to said agreement."

Plaintiff avers that on January 28, 1949, the automobile was damaged by fire in the amount of $826.00 for which, with

certain expenses, plaintiff prayed damages. Defendant, Dodds, answered admitting the receipt of $55.00 from defendant, Welfare Finance Corporation, for a policy of insurance on plaintiff's automobile but denied that he failed to insure said automobile and avers that at the time of the alleged fire he had insured said automobile. The defendant, Welfare Finance Corporation, admits the granting of the loan; denies that it agreed to place the insurance or obtain such policy of insurance described in plaintiff's statement of claim, or any insurance; admits that it took plaintiff's application for insurance together with $55.00 for premium, should plaintiff be insurable, and avers that it sent its check to Dodds and generally denies other averments of the statement of claim.

The cause came on for trial to a Municipal judge on the 25th day of May, 1949, testimony was taken on that day and on May 26, 1949. The hearing was continued and renewed on June 29 and on September 14, 1949. Between the second and third hearings, on the 3rd of June, 1949, defendant, Welfare Finance Corporation, moved the court for an order making The Midwestern Indemnity Co. a party defendant. The ground for this motion was that "the evidence so far introduced indicates that The Midwestern Indemnity Company may have had coverage on the automobile of the plaintiff at the time the alleged fire occurred and in order to fully adjudicate this matter within this action, The Midwestern Indemnity Co. should be made a party defendant." On June 13th the court sustained the motion and at the succeeding hearings counsel for the indemnity company appeared and represented said company in the trial of the cause. On the 15th of June, prior to the resumption of the trial on the 29th of June, 1949, the indemnity company moved the court for an order requiring the plaintiff "to elect as to which defendant he wishes to proceed against." This motion was overruled on June 27th and the cause proceeded. At the conclusion of plaintiff's case motion of defendant, Midwestern Indemnity Company, to be dismissed was overruled. A like motion on behalf of defendant, Welfare Finance Corporation, was sustained. Plaintiff noted his exception to the sustaining of the motion to dismiss the Welfare Finance Corporation and the trial proceeded.

The evidence developed the facts respecting the claim of the plaintiff, the defense of Dodds to the effect that on the 27th of January, 1948, one day prior to the fire in which plaintiff's automobile was damaged, he had sent the application

of the plaintiff to the defendant, insurance company for coverage for loss by fire and other extended coverage. The claim of the insurance company was that by the terms of its contract with Dodds, its agent, it was not required to date policies written upon applications sent in by Dodds for the finance company as of the time when the application was made but as of the date when received at the office of its general agent, and that it was received on January 31, 1948, and the policy issued of that date.

Dodds testified that on September 3, 1948, he had the authority and could have secured a policy on the automobile of plaintiff, as applied for, but that he had failed to send in the application, withholding it as against the possibility that he might later be authorized to apply for further coverage. The insurance company denied that it would have written a form of policy as requested in the original application. It should be noted, however, that this issue was not drawn between the plaintiff and the insurance company. Upon the admission of Dodds it appeared conclusively that he had breached his contract in failing to forward the first application and to secure the insurance as he had promised to do. Had he observed his contract plaintiff would have been insured at the time of the fire by a policy effective for one year on and after September 3, 1948. The plaintiff had a loss by collision in December, 1948, which Dodds personally adjusted. But defendant, Dodds, claims that the plaintiff was insured at the time his automobile burned upon a second application which he says he completed and sent to the general agency on the 27th of January, 1949. On this claim there was an issue on the pleadings whether he had completed this application before the fire.

We are required to take the pleadings as we find them. At no time has there been a motion to amend any pleading in any particular whatever. The plaintiff's cause of action was against the defendant, Dodds, and the defendant, Welfare Finance Corporation. It is our opinion that the action was for breach of contract and that they were properly joined and upon plaintiff's testimony a judgment could have been entered against either or against them jointly. But plaintiff has prosecuted no appeal from their dismissal.

The indemnity company which was made a party upon the application of the finance company, appearing only for the purpose of the motion, objected to being made a party defendant. Having saved its exception to the action of the court, its participation and defense in the trial, after such exception, did not waive its objection to the action of the

court. The **Ohio Electric Ry. Co. v. The United States Express Co., 105 Oh St 331.** We are not unmindful of the holdings that where parties try their case upon a supposed issue which is not made by the pleadings, and the case is fairly tried and decided, it is too late for the losing party to urge the failure of issue after judgment. **Bacon v. Daniels, 37 Oh St 279; Electric Mfg. Co. v. Shelley, 32 Oh Ap 379.** But this case does not come within this rule. Plaintiff at no time amended his statement of claim, sought to bring in the insurance company as party defendant or prayed for judgment against it. Had he done so, manifestly it would have been upon a new and different cause of action than that which he had pleaded in his statement of claim. The cause of action sued upon was for breach of a contract to secure insurance; the one upon which judgment was rendered was to enforce the terms of a contract of insurance. A judgment rendered for a new cause of action, not embodied in the original pleading, is wholly void in the absence of a new appearance or new process. Durabilt Steel Locker Co. v. Berger Mfg. Co., 21 Fed. (2d) 139. Judge Mauck, in **Scott v. Interlock Cord Tire & Belt Co., 1 Abs 752,** said:

"the authorities are uniform that a case not pleaded is no case at all."

To like effect see case of same title, **1 Abs 423,** citing **Gidding v. Barney, 31 Oh St 80; Southward v. Jamison, et al., 66 Oh St 290.** Also **Licht v. Woertz, 32 Oh Ap 111.**

Although the insurance company was brought into the case upon the motion of the finance corporation upon the theory that it was necessary to a final determination of the questions presented, neither it, nor Dodds, nor the insurance company set up any pleading invoking any action by the court. No service was had upon the insurance company and there was nothing in any pleading or prayer which would support such service.

The trial judge in reaching the judgment held that Dodds, who had been licensed on January 7, 1949, as an agent of the insurance company, was its agent on January 27, 1949, and acting within his apparent scope of authority on that date sent the second application to the company and it having issued the policy could not be heard to say that it was not bound because of the provisions of §9586 GC. This principle is well established and could have been, but was not, invoked by the plaintiff against the insurance company but it was sought to be raised by Dodds. As between Dodds, the agent, and his principal, the insurance company, it had the right to fix the time from which it would be bound by policies issued on applications sent in

by him. If he exceeded the authority delegated to him he is personally responsible to those who, in ignorance of his lack of authority, deal with him to their damage. **Trust Co. v. Floyd, et al., 47 Oh St 525; Walton v. Hudson, 82 Oh Ap 330;** Note to Elam v. Smithdale Realty and Insurance Co., (N. C.) 18 A. L. R. 1214. Neither of these principles will support an affirmative finding and judgment against the insurance company on behalf of the plaintiff in the face of the statement of claim that no policy was in effect on the date of the fire and in which there is no prayer for judgment against the company.

It is urged by the insurance company that Dodds had been definitely informed that policies written on his applications would be dated at the time when received at the office of the general agent. There is little room for doubt of the soundness of this contention. The company also insisted that Dodds, at the time that the original application was filed with him on September 3, 1948, was not in the status of an agent of the company. This position is not so well supported by the record. A letter of March 26, 1948 from the general agent to Dodds is offered to support this latter contention. It may be construed as a delegation of Dodds as an agent of the company and at that time the agency expressed an obligation, if insurance issued, to date all policies as of the date of the application. But Dodds can have no aid or comfort from this letter because the original application was not sent in to the general agency.

We come then to consider the specific errors assigned.

**Number One.** The court erred in sustaining a motion to add appellant as a party defendant after the trial of the case had been started.

We believe that the court erred in this respect because upon the issues joined appellant was not a proper or necessary party. The issues were whether or not the defendants, the finance corporation and Dodds, either or both, failed to carry out their contract to secure the insurance for the plaintiff. Dodds could have sustained his defense on proof that the automobile of plaintiff was insured prior to the fire. But such proof must have been made in the light of his actual authority as agent of the insurance company. Our ruling on this assignment of error completely disposes of the appeal. However, because we may be incorrect in our conclusion and because we are required to pass on all errors assigned we will do so.

The second and fourth assignments may be considered together. They are:

The court erred in overruling the motions made by appellant to require the plaintiff to elect as to which defendant he would proceed against.

One of these motions was made at the time that the indemnity company was made a party defendant, the other at the time plaintiff rested. The court did not err in either instance because there was but the one cause of action in plaintiff's statement of claim as to which there was no basis to require an election. The plaintiff did not at any time take inconsistent positions on his claim. **15 O. Jur. 250.**

**Number Three.** The court erred in rejecting plaintiff's exhibit "L" when it was offered in evidence.

This exhibit was a letter written to the indemnity company by Dodds in the matter of two policies, neither of which was that of plaintiff's. This letter was written on the 25th of January 1949, succeeding a letter of January 24, 1949, from the company to Dodds in which the general agent of the company had said to Dodds that in the future policies in which Welfare Finance Corporation was interested would be issued as of the date that the application was received at the office of the general agent of the company. The part of the subject matter of the letter sought to be offered tended to disclose that Dodds understood the purpose of the company respecting the date when policies which he had sent in for the finance corporation should be issued. These statements were in the nature of admissions against interest and were admissible against Dodds upon that theory.

**Number Five.** The court erred in sustaining the motion of defendant Welfare Finance Corp. to be dismissed at the close of plaintiff's case.

Upon the state of the pleadings and the record, we hold that this assignment is not well made because it may not be urged by appellant. If the insurance company had the right to raise this question it has much merit.

**Number Six.** The court erred in overruling appellant's motion to be dismissed at the close of the trial.

This motion should have been sustained for the reasons set forth in the discussion as to the first error assigned.

**Number Seven.** The court erred in its Special Finding of Fact and Law in concluding that James H. Dodds was a duly authorized agent for appellant at the time he accepted the original application for insurance from plaintiff, Brawner.

The court did not err in this special finding. It was made upon the request of appellant and was germane to the issue drawn by the plaintiff and defendant, Dodds.

**Number Eight.** The court erred in its Special Finding of

Fact and Law in concluding that there was a policy of fire insurance in effect on January 28, 1949 upon which date plaintiff's automobile was destroyed by fire.

This special finding may not be binding upon the appellant because it was not an issue between it and plaintiff. It cannot be supported under the factual development in behalf of Dodds upon the issue joined between him and the plaintiff because against the manifest weight of the evidence. The authority of the agent, Dodds, was clearly limited as between himself and the insurance company as to the date when policies would be issued by the company upon business in which the finance corporation was interested. This finding of fact and law could not be binding as between the plaintiff and the insurance company because no such issue was joined between them.

**Number Nine.** The court erred in failing to find defendant, James H. Dodds, liable to plaintiff, Robert Brawner.

We do not find this assignment well made for the sole reason that it cannot be urged by the appellant. The plaintiff-appellee noted no objection or exception to the action of the trial judge in refusing to enter judgment for him against defendant, Brawner, and no appeal or cross-appeal has been perfected by the plaintiff. He, and not the appellant, would be the party who would be entitled to urge this assignment.

We say to this assignment, as we did to No. 5, that if the insurance company has the right to urge it on this appeal it presents a very serious question. If counsel for the insurance company is convinced that it has the right to urge these errors and has authorities to support its contention, we would waive our rule as to application for rehearing and give the matter further attention if such application is filed.

**Number Ten.** The judgment is contrary to law.

For the reasons which we have heretofore stated the assignment is well made.

The judgment of this court will be that the defendant-appellant, Midwestern Indemnity Co., be dismissed as a party defendant in the original action in this cause and the cause will be remanded.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.