36902.   BUTTS COUNTY *v.* PITTS *et al.*

Decided March 21, 1958.

■

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, W. M. Redman,* for plaintiff in error.

*Alfred D. Fears, Ernest M. Smith, Ray M. Tucker, Hurt, Gaines, Baird, Peek & Peabody,* contra.

QUILLIAN, Judge. The judgment of dismissal by this court (*Butts County* v. *Pitts,* 96 *Ga. App.* 750, 101 S. E. 2d 615), having been reversed by the Supreme Court (*Butts County* v. *Pitts,* 214 *Ga.* 12, 102 S. E. 2d 480), the judgment of dismissal has been vacated, all judges concurring, and the case will now be decided on its merits.

1. The defendants insist that the suit was prematurely filed because the bridge has not been completed, and cite as authority for this contention Code § 95-1712 which provides: "Highway Department not liable for damages on additional State-aid roads until construction begins.—The State Highway Department shall not be liable under existing laws for damages accruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said Board."

The above section applies to roads which are constructed by the State Highway Department. In the present case the road had already been constructed and was open to the public at the time it was taken into the State highway system as a State-aid road; therefore, the above Code section is not applicable to the present case.

The petition alleged that the State Highway Department and Butts County were jointly constructing the bridge, and as a result the plaintiff's property was damaged. The petition set forth a cause of action, and the judge did not err in overruling the general demurrer. Code § 95-1710; *State Highway Board* v. *Perkerson,* 185 *Ga.* 617 (196 S. E. 42) ; *State Highway Board* v. *Hall,* 193 *Ga.* 717 (20 S. E. 2d 21) ; *Waters* v. *DeKalb County,* 208 *Ga.* 741 (69 S. E. 2d 274) ; *Florida State Hospital for the Insane* v. *Durham Iron Co.,* 194 *Ga.* 350, 353 (21 S. E. 2d 216).

2. The stipulation of fact reveals that Butts County conveyed a fee-simple title to the right-of-way to the State Highway Department who in turn conveyed the title to the Governor. The Governor then conveyed the property to the State Bridge Building Authority, who leased the property to the State Highway Department. The State Bridge Building Authority contracted with G. W. Burtz Construction Company to construct the bridge. The plans and specifications of the State Highway Department were adopted by the State Bridge Building authority and the State Highway Department's employees were also used for inspection purposes.

While it is true that a county is liable for acts of the State Highway Department in the construction of a bridge on a State-aid road, though the county is in no way connected with its

construction, this liability arises by a specific statute. Code § 95-1710; *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37).

There is no statute imposing liability upon the county for acts of the State Bridge Building Authority, a corporation which may sue and be sued. Code § 95-2302. In the present case the State Bridge Building Authority owned the right-of-way and contracted for the bridge's construction. Neither Butts County nor the State Highway Department authorized the bridge's construction nor shared in its cost.

Under the facts as stipulated in this case the evidence demanded a verdict that Butts County and the State Highway Department were not liable for any damages resulting from the construction of the bridge.

While G. W. Burtz Construction Company may have been liable for the damage, there was no prayer for damages against this defendant, and therefore any verdict against them would have been unauthorized. *Evans* v. *Thompson,* 143 *Ga.* 61 (84 S. E. 128); *Greenwood* v. *Greenwood,* 173 *Ga.* 343 (160 S. E. 392); *Ellard* v. *Simpson,* 166 *Ga.* 278 (142 S. E. 855).

The evidence demanding a verdict for the defendants, the trial judge erred in denying the motion for new trial.

*Judgment reversed. Felton, C. J., Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur.*