503 P.2d 1169

Colleen P. BAUER, as personal representative of Curtis R. Bauer, deceased, and as Administratrix of the Estate of said decedent, Plaintiff-Appellee,

v.

BATES LUMBER COMPANY, INC., et al., Defendants-Appellants.

No. 913.

Court of Appeals of New Mexico.

Oct. 27, 1972.

Certiorari Denied Nov. 30, 1972.

**392**

David W. King, Martin E. Threet, Threet, Threet, Glass, King & Maxwell, Albuquerque, for defendants-appellants.

John V. Coan, Heister H. Drum, Albuquerque, for plaintiff-appellee.

## OPINION

COWAN, Judge.

Bates Lumber Company, Inc. (Bates, Inc.) appeals from a judgment awarding the proceeds of a group life insurance policy to the estate of Curtis R. Bauer (Bauer).

We affirm.

Bauer was killed while employed by Bates, Inc. at the age of 18, prior to the statutory amendment in 1971 lowering the age of majority to 18 years. Bates, Inc. was a New Mexico corporation and a self-insured employer under the Workmen's Compensation Act. Bates, Inc. had purchased a group life insurance policy covering its employees and any proceeds therefrom were used to assist it in paying compensation benefits for which it might become liable to its employees. There was testimony concerning a Bates Lumber Company Employees' Group Life Insurance Trust (Bates Trust) purportedly formed to receive the monies on behalf of Bates, Inc. for this purpose. Such a trust never existed except as a bookkeeping entry in the business records of Bates, Inc. and the insurance proceeds were deposited in the general fund of the latter, there being no separate bank account for Bates Trust.

At issue in the trial below was the question of whether Bauer had designated any beneficiary under the policy, and, if so, the identity of that beneficiary. The trial court found that Bates, Inc. was Bauer's named beneficiary under the policy and concluded that such a designation was "void and prohibited by law."

Section 58–8–17, N.M.S.A.1953 (Repl. Vol. 8, pt. 2), states:

"A policy of group life insurance may be issued to an employer, or to the trustees of a fund established by an employer, which employer or trustees shall be deemed the policyholder, to insure employees of the employer *for the benefit of persons other than the employer*, subject to the following requirements." [Emphasis added]

There were various documents introduced in evidence, reflecting an ambiguity as to the beneficiary designated to receive the proceeds. Bates, Inc. argues that it was the intent of the parties for Bates Trust to be designated beneficiary and that the documents should be construed so as to give them that meaning. Bates, Inc. apparently takes the position that, if Bates Trust, as distinguished from Bates, Inc., is the beneficiary, the transaction would not be barred by § 58–8–17, supra, and thus Bates, Inc. would be entitled to retain the proceeds paid it upon Bauer's death under the group policy.

We need not decide this question, holding it immaterial which construction is placed upon the documents since neither

Bates, Inc. nor Bates Trust is a permitted beneficiary under the particular facts of the case. In either event the proceeds were to be used to pay obligations owed by Bates, Inc. and thus the latter would be the one to benefit. This is prohibited by § 58–8–17, supra, and any trust created for a purpose violative of this statute would be illegal and unenforceable. Vincent v. Kelly, 118 Misc. 591, 195 N.Y.S. 57 (Sup.Ct. N.Y.Co.1922).

■ In addition, neither Bates, Inc. nor Bates Trust had an insurable interest in Bauer at the time of his death. The trial court found that Bauer was not an officer or key employee of Bates, Inc. and concluded that the employer had no insurable interest in his life. The finding was not challenged. Obviously Bates Trust, not being a legal entity, could have no insurable interest in Bauer's life. To allow the beneficiary to be either Bates, Inc. or Bates Trust would be to allow both a violation of § 58–8–17, supra, and the rule requiring an insurable interest.

Bates, Inc. next argues that, if there is no designated beneficiary, the succession clause of the policy prevails and the benefits would properly go to Bauer's parents rather than to his estate, as the court concluded. The successive beneficiary clause reads, in part:

"If no beneficiary has been appointed by the employee or if the appointed beneficiary does not survive the employee, the proceeds shall be paid to the surviving person or persons in the first of the following classes of successive preference beneficiaries of which a member survives the employee; the employee's (a) widow or widower; (b) children, including legally adopted children; (c) parents; (d) brothers and sisters; (e) executor or administrator. . . . "

Bauer was single and had no children at the time of his death. His parents were separated and his father apparently resided outside the State of New Mexico. Bauer contributed to the support of his mother and her other children.

■ Section 58–8–1.4(B), N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, 1971 Supp.), states:

"Any annuity contract or policy of life insurance procured by or for a minor under subdivision A of this section shall be made payable either to the minor or his estate or to a person having an insurable interest in the life of the minor."

We hold this provision mandatory and since there was no valid beneficiary designated the court acted properly in ordering it paid to Bauer's estate. If there is a conflict between statutory provisions on the one hand, and the provisions of the policy on the other, the former must, on public policy grounds, prevail. Tulipano v. United States Life Ins. Co. in City of New York, 57 N.J.Super. 269, 154 A.2d 645 (1959).

■ Bates, Inc. finally argues that Bauer's father was an indispensable party. We have held that the statutory beneficiary is Bauer's estate. The action was maintained by his mother as administratrix of his estate and the proceeds of the insurance policy are properly payable to her as the administratrix. The father's claim to the proceeds or any portion thereof is properly determinable by the court having jurisdiction of the estate.

■ We have noted certain discrepancies and inconsistencies in the pleadings, both as to names of parties and allegations. The case was, however, fully litigated without objection. We have followed the well established principle that where issues not within the pleadings are fully litigated without objection, the pleadings are treated as amended by the trial court or the appellate court so as to put in issue all litigated issues. Rules of Civil Procedure, § 21–1–1(15)(b), N.M.S.A.1953 (Repl.Vol. 4); Luvaul v. Holmes, 63 N.M. 193, 315 P.2d 837 (1957).

The judgment is affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

It has been said that "a dissenting opinion has no function except to express the private view of the dissenter." Wall v. Sonora Union High School District, 240 Cal.App.2d 870, 50 Cal.Rptr. 178 (1966). The same is true of a special concurring opinion. Neither has any binding effect as precedent. Lendsay v. Cotton, 123 So.2d 745 (Fla.App.1960), 95 A.L.R.2d 1029.

However, a dissenting opinion in the Court of Appeals may, perhaps, provide a sufficient basis for review by the Supreme Court by writ of certiorari to the Court of Appeals. Section 16–7–14(B), N.M.S.A. 1953 (Repl.Vol. 4).

Bauer's fifth claim for relief is the subject of this appeal. A claim for relief is not a Beethoven symphonic presentation which concludes with a Brahms' melody.

Bauer's complaint alleged that the defendant Bates Lumber Company employees group life insurance trust was the designated beneficiary under a group life insurance policy; that defendant William C. Bates was designated as Trustee to receive the proceeds paid under the policy, and also designated to pay the proceeds to the person entitled to receive the money; that the money was paid to these defendants; that plaintiff was entitled to receive the proceeds. Plaintiff demanded judgment against defendant William C. Bates, Trustee, and defendant Bates Lumber Company Employees Group Life Insurance Trust, and against each of them.

These named defendants admitted the above allegations, but denied that plaintiff was entitled to receive the money.

At the conclusion of the trial, the trial court found that *Bates Lumber Company, Inc.* was designated as the beneficiary and received the proceeds. The trial court concluded that *Bates Lumber Company, Inc.* held the proceeds in trust for plaintiff.

Judgment was entered against the defendant *Bates Lumber Company, Inc.*

Bates Lumber Company, Inc. was not mentioned as a party in the fifth claim for relief.

"No citation of authority is needed for the proposition that facts admitted in the pleadings will be accepted as true both here and in the court below." Kerr-McGee Oil Industries, Inc. v. McCray, 89 Ariz. 307, 361 P.2d 734 (1961). 25 Seventh Decennial Digest, Pleading, § 36(1), (2), (3); 71 C.J.S. Pleading § 59.

The rule is also clear that a judgment against a defendant concerning whom no allegations are made in the complaint, or against whom no relief or judgment is sought, is unauthorized and void. 49 C.J. S. Judgments § 51; Butts County v. Pitts, 97 Ga.App. 353, 103 S.E.2d 150 (1958); Hesker v. Shaffer, 394 Ill. 489, 68 N.E.2d 612 (1946); O'Brien v. Greene Production Co., 151 S.W.2d 900 (Tex.Civ.App.1941); Brawner v. Welfare Finance Corp., 104 N.E.2d 203 (Ohio App.1950); Allen v. Jungkans, 45 Ill.App.2d 287, 195 N.E.2d 436 (1963).

Under the fourth claim of relief, plaintiff was awarded total compensation allowed under the Workmen's Compensation Act, with attorney fees and costs. Under the fifth claim, she seeks an additional recovery of the proceeds of a group insurance policy. The evidence is uncontradicted that this insurance policy was taken out by Bates Lumber Company, Inc., a self-insured employer, to be used for the purpose of paying workmen's compensation benefits under statutory law. There was no other reason for the insurance. To set forth the testimony would not be helpful.

The judgment should be reversed.