[Civ. No. 552.   Fifth Dist.   Mar. 17, 1966.]

DAVID WALL, a Minor, etc., Petitioner and Appellant, v. SONORA UNION HIGH SCHOOL DISTRICT, Defendant and Respondent.

Price & Martin, E. Dean Price and John S. Gilmore for Petitioner and Appellant.

Hardin & Gorgas and E. L. Gorgas for Defendant and Respondent.

CONLEY, P. J.— This case turns on the question whether the time limit within which a public entity may be ordered to permit the filing by a minor of a late claim for

damages against a public entity is one year after the alleged wrongful infliction of an injury. David Wall was on the basketball team of Ceres Union High School when it played the Sonora Union High School team; he was hit in the head by a Sonora player, who, it is alleged, was known by his school board to be a vicious person, given to deliberately striking opposing players during interschool contests. At the time of this incident, February 25, 1964, David Wall was a minor less than 17 years of age. David later became a ward of the juvenile court; he was then sent to the Modesto State Hospital for observation and care. On February 18, 1965, his father, Benjamin F. Wall, who presently is his guardian ad litem, was notified by the staff of the hospital that David had suffered brain damage, and that it is probable that the blow received in the basketball game is responsible for his present mental condition. His father consulted attorneys on the day following; within a short time afterwards he received written confirmation from a consulting physician that the blow was in fact responsible for his son's condition. This written opinion was dated March 5, 1965. On March 11, 1965, David applied for leave to present a late claim to the Board of Trustees of the Sonora Union High School District; that application was denied March 31, 1965. And on April 20, 1965, David filed a petition in the Superior Court of Tuolumne County for leave to present a late claim pursuant to the provisions of section 912 of the Government Code as it then existed.[1]

The trial judge denied this petition on May 18, 1965. He called attention to the fact that in 1963 the California Legislature enacted a California Tort Claims Act and that code section 911.2 of the Government Code designates the time for presentation of a claim against a public entity for personal injury; the act provides that such a claim should be presented not later than the 100th day after the accrual of the cause of action; but the law also states that if such a claim is not so filed within 100 days, a written application may be made to the entity for permission to present such a claim within a reasonable time, *not to exceed one year after the accrual of the cause of action*; the reason for the delay should be specified in presenting the claim. (Gov. Code, § 911.4.) The trial judge, referring to code section 911.6, stated that the board of the

---

[1]Government Code section 912 was repealed by the Legislature in 1965. (Stats. 1965, ch. 653, § 5, p. 2011.) The applicable statute in the situation faced by the plaintiff at that time is now section 946.6 of the Government Code. (Stats. 1965, ch. 653, § 22, p. 2016.)

public entity is required to grant such an application if certain enumerated justifications exist, one of which is that the claimant was a minor "during all of the time specified in section 911.2 for the presentation of the claim." (Gov. Code, § 911.6, subd. (b) (2).) If the governing board of the entity refused to permit the filing of the late claim in such circumstances, section 912 of the Government Code then allowed a petitioner to apply to the superior court for leave to present a claim, after the expiration of the time limit specified in section 911.2 of the Government Code, if the court should find that the application to the public entity under section 911.4 was made within a reasonable time *not to exceed one year after the accrual of the cause of action,* and that the claimant was a minor during all of the time involved.

We are necessarily in accord with the viewpoint of the trial judge that the case of *Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831], requires a holding that after the expiration of one year from the date of the accident the Superior Court of Tuolumne County lacked jurisdiction to require the board of the Sonora Union High School District to permit a late filing of the claim. ██ The appellant urges this court to adopt the reasoning contained in the dissenting opinion in that case; however, it is established that a holding of the Supreme Court binds all of the lower courts in the state, including an intermediate appellate court. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) ██ And, it needs no citation of authority to point out that a majority opinion of the Supreme Court states the law and that a dissenting opinion has no function except to express the private view of the dissenter. In the California Law Revision Commission Reports, Recommendations and Studies, January 1959, volume 2, page A-120, it is said: "A most difficult problem to solve is whether compliance with the claims statutes may be excused by reason of a claimant's infancy, incapacity or death. At least four basic positions which have been taken on this question can be identified:

"1. *Claims statutes apply to minors and incompetents in the absence of an express statutory exception. A preponderance of the California cases follow this view;* but the seeming harshness of the rule is ameliorated by cases or statutes that allow someone else to file a claim on behalf of a claimant who cannot do so himself. This view, it is submitted, is reasonably satisfactory in most instances; but it is exposed to the possibility that the claimant's rights may be lost by failure or neglect

on the part of a third party who has no legal duty to act and over whose actions the minor or incompetent person has no effective control.'' (Italics added.) In California Government Tort Liability (Cal. Practice Book No. 24 of Cont. Ed. Bar), Professor Arvo Van Alstyne says in section 8.6, Claims and Actions, at page 362: ''In the absence of express statutes to the contrary, claimant's minority or other disability does not toll the running of the claim presentation period or make the claims procedure inapplicable,'' citing *Artukovich* v. *Astendorf, supra,* 21 Cal.2d 329; *Rounds* v. *Brown,* 121 Cal. App.2d 642 [263 P.2d 620]; *Wicklund* v. *Plymouth E. School Dist.,* 37 Cal.App.2d 252 [99 P.2d 314]. It is also stated that ''as thus applied, claims procedures do not violate due process,'' citing *Goncalves* v. *San Francisco Unified School Dist.,* 166 Cal.App.2d 87 [332 P.2d 713]. (See also *Wicklund* v. *Plymouth E. School Dist., supra,* 37 Cal.App.2d 252; Cal. L. Revision Com. Reports, Recommendations and Studies, Jan. 1959, vol. 2, p. A75-A82.)

In California Government Tort Liability, *supra,* pages 384-387, 707-709, Professor Van Alstyne discusses the proper method of computing time for the purpose of applying the 100-day and the one-year-time requirements of section 911.2; he states that time begins to run from the date of the accrual of the cause of action, or the day on which the cause would be deemed to accrue under the law if the statute applicable to claims between private litigants were invoked. (Gov. Code, § 901.) Ordinarily, this would be when the injury was incurred, but, in some cases, the cause of action does not accrue until it is discovered or until plaintiff is put on notice of its existence. (See *Thompson* v. *County of Fresno,* 59 Cal.2d 686 [31 Cal. Rptr. 44, 381 P.2d 924] and *Souza & McCue Constr. Co.* v. *Superior Court,* 57 Cal.2d 508 [20 Cal.Rptr. 634, 370 P.2d 338].) Although the date of the accrual is the same as under the statute of limitations, the 1963 act does not provide for extending the presentation period by circumstances which would toll the period of limitations. (See *Artukovich* v. *Astendorf, supra,* 21 Cal.2d 329; *State Farm etc. Ins. Co.* v. *Superior Court,* 232 Cal.App.2d 808, 810 [43 Cal.Rptr. 209].)

The Legislature has repeatedly set forth in the statutes its intention with respect to the time allowed for filing a late claim and now, clearly, after a series of amendments, it requires that the delayed claim be filed, if at all, within one

year after the accrual of the cause of action. Even if this court should look with favor upon the reasoning in the dissenting opinion in the *Artukovich* case, *supra*, it must follow the dictate of the Legislature and the logic of the majority opinion.

The order is affirmed.

Brown (R. M.), J., and Stone, J., concurred.

A petition for a rehearing was denied April 13, 1966, and appellant's petition for a hearing by the Supreme Court was denied May 11, 1966. Peters, J., Peek, J., and Mosk, J., were of the opinion that the petition should be granted.