[Civ. No. 38395. First Dist., Div. Four. Mar. 12, 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
FREDDIE L. PERSONS et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Timothy A. Reardon, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Robert Nicco, Public Defender, Perker L. Meeks, Jr., Deputy Public Defender, Mazer & Parnes, Richard B. Mazer and Steven W. Parnes for Real Parties in Interest.

## OPINION

**CHRISTIAN, J.**—Petitioners, the People of the State of California, seek a writ of prohibition restraining respondent superior court from enforcing an order in the case of People v. Freddie L. Persons and Charles A.

Scott (No. 91484) which granted a motion by Persons and Scott for a post-indictment preliminary hearing.

Persons and Scott were jointly charged with murder (Pen. Code, § 187) by indictment filed on December 10, 1975. Additional counts of the indictment charged Persons with assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and possession of a concealable firearm (Pen. Code, § 12021); Scott was charged with assault with a deadly weapon and possession of a loaded firearm (Pen. Code, § 12031). A motion by Persons and Scott to dismiss the indictment under Penal Code section 995 was denied. Thereafter, they moved the court for an order setting a post-indictment preliminary hearing. Respondent court issued the following order:

"The proceedings in the superior court are hereby stayed.

"The matter is referred to the Municipal Court for the purposes of holding a post-indictment preliminary hearing to determine whether there is reasonable and probable cause to hold the defendants (or either of them) to answer before the superior court for the offenses charged in the criminal complaint before that court.

"If the district attorney does not comply with this order, the stay of proceedings before this court shall become permanent."

■ The People correctly maintain that there is no constitutional, statutory, or case authority which permits a superior court to order a post-indictment preliminary hearing.

The California Constitution, article I, section 14, states: "Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information." It has long been established in this state that a preliminary hearing is not required where the defendant has been indicted. (*Greenberg* v. *Superior Court* (1942) 19 Cal.2d 319, 321 [121 P.2d 713]; *People* v. *Goldenson* (1888) 76 Cal. 328, 345 [19 P. 161]; *People* v. *Newton* (1970) 8 Cal.App.3d 359, 388 [87 Cal.Rptr. 394]; *People* v. *Dale* (1947) 79 Cal.App.2d 370, 374 [179 P.2d 870]; *Kitts* v. *Superior Court* (1907) 5 Cal.App. 462, 465 [90 P. 977].) The order of respondent court to the contrary appears to have been based on the concurring opinion in *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248 [124 Cal.Rptr. 32, 539 P.2d 792].

The holding of the majority in *Johnson* did not alter the general rule stated above. ■ A concurring opinion does not constitute authority under the doctrine of stare decisis. The majority opinion, not the minority, states the law and constitutes the decision of the court which binds lower courts. (*Wall* v. *Sonora Union High Sch. Dist.* (1966) 240 Cal.App.2d 870, 872 [50 Cal.Rptr. 178].) The statements in the dissenting or concurring opinions of individual justices which do not have the concurrence of a majority of the justices are not precedent, and constitute only the personal views of the writer. (*Id.*)

■ The trial court's order that the municipal court hold a post-indictment preliminary hearing was an act in excess of its jurisdiction, and is subject to restraint by writ of prohibition. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715].)

A writ will issue commanding respondent court to vacate its order of January 23, 1976.

Caldecott, P. J., and Emerson, J.,* concurred.

The petitions of the real parties in interest for a hearing by the Supreme Court were denied May 6, 1976. Wright, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petitions should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.