[Crim. No. 16936. First Dist., Div. Four. Aug. 7, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
GORDON GROW et al., Defendants and Appellants.

## COUNSEL

Paul N. Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, B. E. Bergesen III, Patricia Salas Pineda, Carol Jean Ryan and David Lew, Deputy State Public Defenders, Michael A. Mendelson, William Bernstein and William F. McLaughlin for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Richard G. Tullis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—Gordon Grow, William Girolomoni and Pamela Bareford have appealed from orders by which they were admitted to probation after a jury found each of them guilty of one count of pandering (Pen. Code, § 266i) and one count of pimping (Pen. Code, § 266h). The verdicts are well supported by evidence that appellant Grow was the owner, and with appellants Girolomoni and Bareford was involved in the management and operation of a so-called "encounter studio" in which, for money, male customers were orally copulated or masturbated by female employees. Crucial to the prosecution's case was the testimony of Margo Compton concerning the details of the operation. The verdicts of pandering and pimping related to her acts, as to which there was direct or circumstantial evidence that each of the appellants participated in arranging and sponsoring.

Appellant Bareford contends that it was a denial of due process and of equal protection to fail to provide a postindictment preliminary hearing. The contention must be rejected as contrary to controlling authority. (*People* v. *Superior Court (Persons)* (1976) 56 Cal.App.3d 191 [128 Cal.Rptr. 314].)

█ It is contended that the prosecutor should have disclosed to the grand jury the fact that the witness, Margo Compton, was a drug user and that she was an accomplice who had been granted immunity in exchange for her testimony. But the record does not show that Margo Compton actually received immunity; on the contrary, the prosecutor represented to the court that an offer of immunity had been declined with a statement to the effect, "I want to tell my story and I am not worried about the rest of that." No plausible theory has been advanced as to how that circumstance could have been viewed as exculpatory under *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248 [124 Cal.Rptr. 32, 539 P.2d 792]. Margo Compton did testify at trial that she had been using "speed" while

working at the encounter parlor. The record supports the determination of the trial court that at the time of the presentation before the grand jury, the prosecutor did not have information that Margo Compton had been taking "speed." Similarly, there is no indication that exculpatory information was withheld in regard to Margo Compton's claimed status as an accomplice. As a matter of law, she was not an accomplice to the charged offenses. (*People* v. *Frey* (1964) 228 Cal.App.2d 33, 52 [39 Cal.Rptr. 49].) Moreover, her involvement in the activities at the encounter parlor was fully disclosed in her own testimony before the grand jury.

■ Appellants Grow and Girolomoni contend that the court should have granted their pretrial motions, pursuant to Penal Code section 1538.5, to suppress certain physical evidence which was seized when police officers entered the premises for the purpose of making arrests. The contention is entirely without merit. A police officer impersonating a Japanese tourist was solicited for prostitution while he was inside the encounter parlor. That fact empowered him to make an immediate arrest without a warrant. He stepped outside and summoned the help of other officers who immediately came in and arrested appellants Grow and Bareford. The challenged items of evidence were all in plain view; the seizures were lawful. (*People* v. *Sirhan* (1972) 7 Cal.3d 710, 742 [102 Cal.Rptr. 385, 497 P.2d 1121].)

All three appellants contend that the court erred in instructing the jury. For the purpose of defining the charged offenses of pimping and pandering the court defined prostitution as "soliciting another person to engage in or engaging in sexual intercourse or other lewd or dissolute acts between persons in return for money or other consideration." The theory is that the statutes condemning pimping and pandering should be taken as implying a definition of the term "prostitution" which imports sexual intercourse for hire and does not include other forms of commercial sex acts. This contention cannot be sustained. ■ The definition used by the court was properly taken from Penal Code section 647, subdivision (b) which defines prostitution as including "any lewd act between persons for money or other consideration." (See *People* v. *Fixler* (1976) 56 Cal.App.3d 321 [128 Cal.Rptr. 363].)

Finally, appellants contend that the prosecutor committed prejudicial misconduct. Review of the record establishes that there was no misconduct in the sense of an attempt corruptly or unfairly to take advantage.

The court dealt appropriately with the objections of defense counsel when they were sound, admonishing the jury to disregard certain challenged incidents. Reversal of the probation orders is not called for. (See *People* v. *Benjamin* (1975) 52 Cal.App.3d 63 [124 Cal.Rptr. 799].)

Affirmed.

Caldecott, P. J., and Cook, J.,* concurred.

Petitions for a rehearing were denied August 28, 1978, and appellants' petitions for a hearing by the Supreme Court were denied October 12, 1978.

*Assigned by the Chairperson of the Judicial Council.