Filed 6/12/14  P. v. Mayo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057870 |
| v. | (Super.Ct.No. RIF1103819) |
| STEPHEN RAY MAYO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristine A. Gutierrez, Lynne G. McGinnis and Michael Benke, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from a judgment of conviction entered against Stephen Ray Mayo, defendant and appellant (defendant), after the trial court sentenced him to a total term of three years, to be served in county jail, based on the jury's verdict finding him guilty as charged of one count of violating Penal Code section 118a by making a false statement of material fact on an application for a driver's license (count 1) and one count of burglary in violation of Penal Code section 459 (count 2).[1]

Defendant, who represented himself at trial, contends the judgment must be reversed, first, because the trial court committed prejudicial error by permitting the prosecution to present evidence of uncharged crimes defendant committed after he committed the charged crimes. Next, defendant contends the evidence to support count 1 is insufficient. Finally, defendant contends the trial court limited his ability to cross-examine a key prosecution witness and, in doing so, deprived defendant of his constitutional right to present a defense. We conclude defendant's claims are meritless. Therefore, we will affirm.

## FACTS

The pertinent facts are undisputed. On December 10, 2008, defendant, using the name James Holt, applied for a driver's license renewal at the Department of Motor Vehicles (DMV) in Riverside. Defendant signed the DMV license renewal application under penalty of perjury, attesting, among other things, to the fact that within the

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

preceding 10 years he had not applied for a driver's license under any other name, date of birth, or Social Security number.

Lupe Vega, a DMV investigator, determined the Social Security number included in the James Holt license application belonged to a person who had died in 1972, and that person was not named Holt. Vega also determined that defendant was the person depicted in the photograph submitted with James Holt's license renewal application. Vega also investigated a DMV application submitted in the name of Robert Grimes. The application included a photograph of defendant but a Social Security number issued to Robert Grimes. Further investigation disclosed in 2008, defendant had obtained a driver's license or identification card using his own name, Social Security number, and date of birth. A fingerprint analyst determined that defendant's thumbprint was included with the applications submitted in the names of Grimes and Holt.

Additional facts pertinent to the issues defendant raises on appeal will be recounted below.

## DISCUSSION

### 1.

### ADMISSIBILITY OF OTHER CRIMES EVIDENCE

Defendant, as previously noted, first contends the trial court abused its discretion by permitting the prosecutor to introduce evidence of uncharged crimes defendant committed after he committed the charged crimes. In particular, the trial court ruled admissible evidence that on January 10, 2009, a sheriff's deputy detained defendant at the Victoria Gardens mall in Rancho Cucamonga after a Macy's loss prevention agent

3

reported defendant had tried to make a purchase using a counterfeit or fraudulent driver's license. After the deputy detained defendant, he searched defendant's car and found various items associated with identity theft, including DMV driver's license renewal applications in the names of Robert Grimes and James Holt. The deputy also found driver's licenses in defendant's name and in the name of Krishawna Terrell, an application to rent real property in the name of Denise Domingue and Robert Grimes, along with credit card applications at Office Depot, J.C. Penney, and The Stores in the names of Domingue and Grimes.

We will not recount the other evidence of uncharged crimes because, as the Attorney General points out, defendant did not object to the admissibility of any of the evidence in question. Therefore, defendant has forfeited his claim of error. (Evid. Code, § 353, subd. (a); *People v. Williams* (2008) 43 Cal.4th 584, 602.) Defendant concedes he did not object,[2] but invokes a purported exception to the objection requirement, namely that an objection is not required when the trial court considered and ruled on the issue as if an objection had been made. The authority defendant cites to support the purported exception is the dissenting and concurring opinion of then Chief Justice Rose Bird in *People v. Frank* (1985) 38 Cal.3d 711. "A concurring opinion does not constitute authority under the doctrine of stare decisis. The majority opinion, not the minority,

_____

[2] After the trial court explained its tentative view that the evidence was admissible, defendant made a statement, the gist of which was that the trial court's factual assertions were inaccurate, as defendant would show with the evidence he presented at trial. With regard to whether the other crimes evidence should be admitted at trial defendant said, "[L]et it in. I'm not going to fight it. Let it in. Let it in, sir."

4

states the law and constitutes the decision of the court which binds lower courts." (*People v. Superior Court* (*Persons*) (1976) 56 Cal.App.3d 191, 194, citing *Wall v. Sonora Union High Sch. Dist.* (1966) 240 Cal.App.2d 870, 872.)  In short, defendant has not demonstrated that such an exception to the requirement of an objection exists. Because defendant did not object in the trial court, we conclude he has not preserved the issue for review on appeal.

But even if we were to conclude otherwise, we also would conclude the trial court correctly found the other crimes evidence was admissible under Evidence Code section 1101, subdivision (b), to prove some fact other than defendant's propensity to engage in criminal conduct.  Character evidence, including evidence of specific instances of a defendant's conduct, is inadmissible if offered to prove defendant's conduct on a specified occasion.  (See Evid. Code, § 1101, subd. (a).)  However, "it may be admitted if relevant to show a material fact such as intent.  [Citations.]  To be admissible, there must be some degree of similarity between the charged crime and the other crime, but the degree of similarity depends on the purpose for which the evidence was presented." (*People v. Jones* (2011) 51 Cal.4th 346, 371.)

In ruling on the prosecutor's motion for leave under Evidence Code section 1101, subdivision (b), to present evidence of subsequent uncharged crimes defendant committed, the trial court explained the reason for finding the evidence admissible. Specifically, the trial court noted the Macy's incident in January 2009 and related evidence of identity theft and credit card fraud were all relevant to explain defendant's motive and intent in obtaining a false driver's license.  The evidence was also relevant to

5

prove defendant entered the DMV with the intent to commit a felony, i.e., perjury, which was relevant to prove the burglary charge alleged in count 2. The trial court also conducted the required analysis under Evidence Code section 352, and found the probative value of the other crimes evidence substantially outweighed any prejudice.

We review a trial court's rulings on the admissibility of evidence under the abuse of discretion standard. (*People v. Waidla* (2000) 22 Cal.4th 690, 724.) Although defendant claims otherwise, we conclude the trial court did not abuse its discretion in this case. Accordingly, for each of the reasons discussed we conclude this claim is meritless.

**2.**

**SUFFICIENCY OF THE EVIDENCE**

Defendant contends the evidence is insufficient to support his conviction for perjury as alleged in count 1 because the evidence did not prove his alleged false statement was material. We disagree.

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.] The same standard applies when the conviction rests primarily on circumstantial evidence. [Citation.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

6

To find defendant guilty of violating section 118a by making a false statement of material fact on a driver's license application, as alleged in count 1, the evidence had to show (1) defendant made a statement under oath; (2) the statement pertained to a material fact; (3) defendant willfully made the statement; and (4) defendant knew the statement was false. (§ 118a.) Defendant does not dispute he made false statements on the driver's license application. He contends, however, the evidence was insufficient to prove the statements were material.

To be material, the statement must be "important to the matter under discussion." (*People v. Rubio* (2004) 121 Cal.App.4th 927, 933.) Materiality is demonstrated when the statement "could probably have influenced the outcome of the proceeding," but it is not necessary that the statement actually have that effect. (*Id*. at pp. 930-934.) The trial court in this case instructed the jury on the noted principle as follows: "Information is material if there is a substantial likelihood that the information would influence the outcome of the decision of the Department of Motor Vehicles whether or not to issue a California Driver's License to the defendant, but it does not need to actually have an influence on that decision."

Defendant argues the evidence was insufficient to prove his false statements were material because the DMV did not actually issue a driver's license in response to his application. Defendant's argument misconstrues the concept in question. As previously stated, the false statement is material if it would influence the decision or process. It is not necessary that the statement actually have that effect. Therefore, it does not matter that the DMV did not actually issue a license to defendant in the name of James Holt.

7

(*People v. Rubio*, *supra*, 121 Cal.App.4th at pp. 930-934.)  What matters is that defendant knowingly made false statements in his driver's license application that would have influenced the DMV's decision to issue a driver's license in that name.  Defendant knowingly included a false name and Social Security number in his DMV application.  He also affirmed in the past 10 years he had not applied for a driver's license in a different name or with a different Social Security number.  Those are all facts which would be material to the DMV's decision to issue a driver's license, defendant's contrary claim notwithstanding.

Consequently, we conclude the evidence is sufficient to support the jury's guilty verdict on the perjury charge alleged in count 1.

**3.**

**SIXTH AMENDMENT RIGHT TO CROSS-EXAMINE WITNESS**

Defendant contends the trial court violated his right to cross-examine Lupe Vega, the DMV investigator, because the trial court denied defendant's request to excuse her subject to recall.  Defendant made the request after Vega testified on cross-examination by defendant, that defendant's driver's license had been suspended for "a code 938," but she did not know without looking it up what that code means.  Defendant asked the trial court for permission to recall Vega after she looked up the code.  In a discussion outside the jury's presence, the trial court found the reason defendant's driver's license had been suspended many years ago was not relevant to any issue in defendant's trial.  Defendant then argued he wanted to show, although he signed the application, that he had not written the information on the application about his driver's license being suspended.

8

Therefore, defendant argued he had not filled out the application. The trial court again found defendant's claim irrelevant because the issue was whether defendant had signed the application once it was completed. Because defendant could not articulate a relevant reason to recall Lupe Vega to testify, the trial court denied defendant's request.

In this appeal, defendant reiterates his previous claim that the evidence was relevant to show his license had been suspended and, therefore, his false statements were not material. We have addressed this assertion and will not address it again. Defendant also contends the trial court's ruling precluded him from showing that a DMV agent checked the box on the application that indicated defendant had not previously applied for a driver's license under another name. Defendant's argument is meritless.

First, defendant was not deprived of an opportunity to ask Lupe Vega whether a DMV agent had checked the box in question. Moreover, defendant asked that question of another DMV agent, Eddie Loza, a technician employed at the DMV office in Riverside. When defendant asked Loza if he had put the X's on defendant's application, Loza said no. We also are not persuaded defendant expressly raised that issue in the trial court, although we acknowledge his argument was convoluted and unclear. More importantly, whether defendant actually checked the box himself is irrelevant. The relevant fact is whether defendant knew the box had been checked at the time he signed the DMV application and thereby attested to the truth of the facts set out in the application. Defendant did not claim in the trial court, and does not claim in this appeal, that the box was not checked when he signed the application. Moreover, Eddie Loza, testified that his job is to ensure the applicant signs the DMV application in his presence. If the box in

9

question had not been checked, it is not likely Loza would have permitted defendant to sign the application.

For each of these reasons we must reject defendant's final claim of error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.