Filed 9/4/15  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARSALIS JOSEPH SMITH,<br><br>Defendant and Appellant. | G050496<br><br>(Super. Ct. No. 14CF0251)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Laura R. Sheppard, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, the California Supreme Court issued its opinion *People v. Diaz* (2011) 51 Cal.4th 84 (*Diaz*), holding police may conduct a warrantless search of a cell phone seized from a defendant's person at the time of arrest without violating the Fourth Amendment's proscription against unreasonable searches and seizures.

In January 2014, police officers arrested Marsalis Joseph Smith, who had a cell phone, for various offenses. Eleven days later, officers searched his cell phone using data extraction technology. The trial court denied Smith's motion to suppress evidence recovered from his cell phone pursuant to *Diaz, supra,* 51 Cal.4th 84.

Weeks later, in *Riley v. California* (2014) 573 U.S. ___, 134 S.Ct. 2473, 2482 (*Riley*), the Supreme Court of the United States held the search incident to arrest exception to the warrant requirement did not apply to cell phones, and absent exigent circumstances, a warrant was required to search a cell phone seized at the time of arrest.

A few weeks later, the trial court denied Smith's renewed motion to suppress, concluding officers acted in good faith on existing law at the time of the search. Smith subsequently pleaded guilty and appealed.

Smith argues *Riley* controls and *Diaz* was both not good law and inapposite. The Attorney General contends *Diaz* was good law and officers acted in good faith on *Diaz.* We agree with the Attorney General.[1]

FACTS

In January 2014, police officers arrested a 17-year-old girl for suspicion of prostitution. She told officers that Smith was her pimp, Smith watched while his friends assaulted her, and Smith took photographs of her with his cell phone for his illicit website. When officers arrested Smith, he had a Samsung Galaxy S4 cell phone (the Cell Phone), which was password protected. Eleven days later, officers recovered 4,175 pages of data from the Cell Phone using Cellebrite data extraction technology.

---

[1] The same issue is pending before the California Supreme Court in *People v. Macabeo*, S221852, review granted November 25, 2014.

An information charged Smith with the following: human trafficking with the intent to pimp (Pen. Code, § 236.1, subd. (c)(1), all further statutory references are to the Pen. Code) (count 1); pimping a minor (§ 266h, subd. (b)(1) (count 2); and pandering with a minor over 16 years old by procuring (§ 266i, subds. (a)(1), (b)(1)). The information alleged Smith committed count 1 using force and fear (§ 236.1, subd. (c)(2)), and he suffered a prior prison term (§ 667.5, subd. (b)).

After the trial court denied Smith's non-statutory motion to dismiss count 1, Smith filed a motion to suppress evidence recovered from the Cell Phone (§ 1538.5). The prosecution opposed the motion, and Smith replied; the parties stipulated to the facts for purposes of the motion. The trial court denied the motion concluding it was bound by *Diaz, supra,* 51 Cal.4th 84, although the court stated it expected the law to change.

Smith filed a motion for rehearing of his motion to suppress citing to the then recently decided case, *Riley, supra,* 134 S.Ct. 2473. The prosecution opposed the motion, arguing the court should deny the motion because officers relied in good faith on *Diaz*, which was existing law at the time of the search, citing *Davis v. United States* (2011) ___ U.S. ____, 131 S.Ct. 2419 (*Davis*). The trial court again denied the motion to suppress, this time concluding officers acted in good faith on the existing law at the time of the search.

After the prosecutor amended the information by interlineation, Smith pleaded guilty to human trafficking (§ 236.1, subd. (a), count 4), and criminal threats (§ 422, subd. (a), count 5). The trial court sentenced Smith to five years in prison on count 4, and a concurrent term of two years on count 5. On the prosecutor's motion, the court dismissed counts 1, 2, and 3. Smith timely appealed.

## DISCUSSION

"The Fourth Amendment generally requires police to secure a warrant before conducting a search." (*Maryland v. Dyson* (1999) 527 U.S. 465, 466, citing *California v. Carney* (1985) 471 U.S. 386, 390-391.) "[I]t is a cardinal principle that

3

'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions.'" (*Mincey v. Arizona* (1978) 437 U.S. 385, 390, quoting *Katz v. United States* (1967) 389 U.S. 347, 357, fns. omitted.) One such exception is the search incident to lawful arrest. (*Chimel v. California* (1969) 395 U.S. 752, 762.)

"The [Fourth] Amendment says nothing about suppressing evidence obtained in violation of [its] command. That rule -- the exclusionary rule -- is a 'prudential' doctrine, [citation], created by this Court to 'compel respect for the constitutional guaranty.' [Citations.] Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search. [Citations.] The rule's sole purpose, we have repeatedly held, is to deter future Fourth Amendment violations. [Citations.] Our cases have thus limited the rule's operation to situations in which this purpose is 'thought most efficaciously served.' [Citation.] Where suppression fails to yield 'appreciable deterrence,' exclusion is 'clearly . . . unwarranted.' [Citation.]" (*Davis, supra,* 131 S.Ct. at pp. 2426-2427.)

"'"In ruling on a motion to suppress, the trial court must find the historical facts, select the rule of law, and apply it to the facts in order to determine whether the law as applied has been violated. We review the court's resolution of the factual inquiry under the deferential substantial-evidence standard. The ruling on whether the applicable law applies to the facts is a mixed question of law and fact that is subject to independent review." [Citation.] On appeal we consider the correctness of the trial court's ruling *itself*, not the correctness of the trial court's *reasons* for reaching its decision. [Citations.]' [Citation.]" (*People v. Bryant* (2014) 60 Cal.4th 335, 364-365.)

Smith argues, and the Attorney General effectively concedes, that pursuant to *Riley, supra*, 134 S.Ct. at page 2482, the warrantless search of Smith's cell phone was unlawful. But even if the search was unlawful under *Riley*, the evidence was admissible

4

pursuant to *Diaz*. We will first address issues related to the precedential value of *Diaz* and then discuss its applicability to the facts here.

*Precedential Value*

In *Davis*, the United States Supreme Court evaluated the applicability of the good faith exception in a case involving a change in the law concerning the permissibility of automobile searches incident to arrest. The Court held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." (*Davis, supra,* 131 S.Ct. at pp. 2423-2424, 2426-2429.) The Court explained the exclusionary rule is not a personal constitutional right nor is it designed to redress the injury caused by an unconstitutional search; rather, its sole purpose is to deter future Fourth Amendment violations. (*Id.* at p. 2426.) "For exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." (*Id.* at p. 2427.)

Here, at the time the Cell Phone was searched, the search was authorized by *Diaz*, which held a warrantless search of the digital contents of a cell phone is lawful when the search is performed incident to an arrest. (*Diaz, supra,* 51 Cal.4th at p. 101.) Although *Diaz* is no longer good law in light of *Riley, supra,* 134 S.Ct. 2473, it was binding precedent in California at the time of the search. We presume that when officers searched the Cell Phone, they acted in objectively reasonable reliance on *Diaz*'s authorization of such a search as incident to Smith's arrest. (*Conway v. Pasadena Humane Society* (1996) 45 Cal.App.4th 163, 178 ["A public officer is presumed to know the law, provided it is clearly established"].) Consequently, the good faith exception precludes application of the exclusionary rule that would otherwise result in the suppression of the evidence recovered from the cell phone.

Smith asserts that despite *Davis*, police officers could not have reasonably relied on *Diaz,* which he describes as an "outlier," for the following reasons: (1) *Riley* was a 9-0 decision decided just three years after *Diaz*; (2) *Riley* did not overrule any of its

5

own precedent; and (3) the concurrence and dissent in *Diaz* demonstrate the majority's opinion was contrary to the law.

First, we do not think it is the role of police officers to determine if the decisions of the California Supreme Court are "outliers." We conclude it is reasonable for law enforcement agencies to train their officers to follow the directions of the California Supreme Court until directed otherwise.

Second, to the extent the timeliness and unanimity of the United States Supreme Court is indicative of the soundness of the majority opinion in *Diaz*, we note the United States Supreme Court denied petition for writ of certiorari in *Diaz*. (*Diaz v. California* (2011) 132 S.Ct. 94.) Defendant's appellate counsel in *Diaz* could not convince just four justices[2] the California Supreme Court's decision was glaringly incorrect.

Third, that the *Riley* court did not overrule any of its own precedent does not establish *Diaz* was contrary to law. The *Riley* court noted the smart phone "was unheard of [10] years ago." (*Riley, supra*, 134 S.Ct. at p. 2484.) Thus, the *Riley* court examined existing precedent and applied its rationale to a new technology. Not every case, either at the nation's highest court or our State Supreme Court, requires overruling existing precedent to reach its holding. Courts routinely apply old law to new facts.

Finally, the fact *Diaz* included a concurrence and dissent does not demonstrate it was such an anomaly officers should have disregarded it. First, a majority opinion states the law and constitutes the decision of the court that binds lower courts and a dissent constitutes only the personal views of the author. (*Wall v. Sonora Union High School Dist.* (1966) 240 Cal.App.2d 870, 872.) Second, the majority opinion in *Diaz*

---

2       Custom at the Supreme Court of the United States is a grant of certiorari requires the approval of four justices. (See *Thigpen v. Roberts* (1984) 468 U.S. 27, 33 (Rehnquist, J., dissenting).

6

thoroughly examined and interpreted United States Supreme Court precedent[3] in deciding the novel issue before it.  The fact the United States Supreme Court interpreted that precedent differently as applied to new technology is of no consequence.  Third, the *Diaz* court was not the only court to conclude officers could search a cell phone pursuant to the search incident to lawful arrest exception to the warrant requirement.  (*U.S. v. Murphy* (4th Cir. 2009) 552 F.3d 405, 411-412; *Silvan W. v. Briggs* (10th Cir. 2009) 309 Fed.Appx. 216, 225; *U.S. v. Finley* (5th Cir. 2007) 477 F.3d 250, 259-260; *U.S. v. Mendoza* (8th Cir. 2005) 421 F.3d 663, 667-668; see *U.S. v. Ortiz* (7th Cir. 1996) 84 F.3d 977, 984 [warrantless search of pager proper as incident to lawful arrest].)  Thus, officers reasonably relied on *Diaz* at the time of the search because it was good law.

*Applicability*

        *Diaz, supra,* 51 Cal.4th at pages 90-93, began its analysis of the issue with a discussion of three controlling United States Supreme Court decisions, *Robinson* (cigarette package), *Edwards* (clothes), and *Chadwick* (footlocker).  The court stated the issue was whether defendant's cell phone was personal property immediately associated with his person like the cigarette package in *Robinson* and the clothes in *Edwards*.  The court opined if the cell phone was associated with his person, then the delayed warrantless search was a valid search incident to defendant's lawful custodial arrest.  (*Diaz, supra,* 51 Cal.4th at p. 93.)  The *Diaz* court concluded, "We hold that the cell phone was 'immediately associated with [defendant's] person' [citation], and that the warrantless search of the cell phone therefore was valid."  (*Ibid.*)

        Here, Smith "agrees that the constitutionality of a delayed search incident to arrest is not dependent on whether the delay is short (minutes or hours) or long (as the

---

[3]     *United States v. Chadwick* (1977) 433 U.S. 1 (*Chadwick*), overruled on other grounds in *California v. Acevedo* (1991) 500 U.S. 565, 579; *United States v. Edwards* (1974) 415 U.S. 800 (*Edwards*); *United States v. Robinson* (1973) 414 U.S. 218 (*Robinson*).

11-day delay here)." Smith asserts the relevant constitutional question is whether officers had the "*ability*" to search the personal property at the time of arrest. In other words, if the Cell Phone had not been password protected officers could have lawfully searched the Cell Phone but because it was password protected the search, irrespective of time, was unlawful. We agree with the Attorney General that Smith mistakes an officer's *authority* to search with an officer's *ability* to search because of the character of the item. Again, *Diaz* is instructive.

In rejecting defendant's argument the character of the item is dispositive, the *Diaz* court, citing again to *Robinson*, *Edwards*, and *Chadwick,* stated, "The relevant high court decisions do not support the view that whether police must get a warrant before searching an item they have properly seized *from an arrestee's person* incident to a lawful custodial arrest depends on the item's character, including its capacity for storing personal information." (*Diaz, supra,* 51 Cal.4th at p. 94.) The *Diaz* court also examined "analogous contexts" to conclude the character of an item is not determinative. For example, the *Diaz* court cited to *United States v. Ross* (1982) 456 U.S. 798, 825 (*Ross*), where the United States Supreme Court held that where police have probable cause to search a vehicle without a warrant, the search may encompass not only a closed compartment such as a glove box, but also any containers or packages found inside the vehicle. The *Diaz* court cited to the following language in *Ross*: "[A] constitutional distinction between 'worthy' and 'unworthy' containers would be improper. Even though such a distinction perhaps could evolve in a series of cases in which paper bags, locked trunks, lunch buckets, and orange crates were placed on one side of the line or the other, the central purpose of the Fourth Amendment forecloses such a distinction." (*Ross, supra,* 456 U.S. at p. 822; *Diaz, supra,* 51 Cal.4th at p. 95.) Based on this language, we conclude the character of the item, and the ability to search that item at the time of arrest, is not the focus of the inquiry. The focus is whether at the time of the

arrest, officers had the *authorit*y to search the item.  Here, based on *Diaz*, officers had the *authority* to search the Cell Phone, although their *ability* to search it came later.

Smith's reliance on a concurrence in *U.S. v. Jones* (2012) ___ U.S. ___, 132 S.Ct. 945, 963-964 (*Jones*), a case concerning GPS surveillance of an automobile, for the proposition technological advancements requires reexamination on the legality of searches, is unpersuasive.  Reliance on *Jones* is misplaced because it was decided after *Diaz*.  That the United States Supreme Court, as the final arbiter on questions of federal constitutional law, subsequently reexamined whether warrantless searches of cell phones were lawful and overruled *Diaz*, is not dispositive here.  As we explain above, *Diaz* was the law when the Cell Phone was searched here and the search was constitutionally lawful as a search incident to Smith's arrest.

DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:

BEDSWORTH, J.

FYBEL, J.

9