Filed 3/21/22  P. v. Simpson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TEVINE TAJ SIMPSON,<br><br>    Defendant and Appellant. | D079474<br><br><br><br>(Super. Ct. No. C1653732) |

APPEAL from a judgment of the Superior Court of Santa Clara County, Socrates Peter Manoukian, Judge.  Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin and Bruce M. Slavin, Deputy Attorneys General, for Plaintiff and Respondent.

As part of a plea bargain, Tevine Taj Simpson pleaded no contest to one felony count of using personal identifying information without authorization (Pen. Code, § 530.5, subd. (a)),[1] in exchange for receiving the lower-term sentence of 16 months. The plea agreement included a "*Cruz* waiver"[2] by which Simpson agreed that if he failed to appear for sentencing, the court could impose a more severe sentence than the agreed-upon one. After Simpson repeatedly failed to appear in court as ordered, the trial court imposed the three-year upper-term sentence without stating its reasons for doing so.

Simpson raises two challenges on appeal. First, he contends the trial court abused its discretion by imposing the upper-term sentence. To the extent Simpson bases this claim on the trial court's failure to state the reasons for its sentencing decision, Simpson has forfeited the challenge by failing to raise the ground at sentencing. To the extent Simpson bases the claim on the contention no aggravating circumstances support the court's decision, Simpson's own admissions on appeal undermine the claim.

Second, Simpson contends his trial counsel provided ineffective assistance by failing to request that the court state the reasons for its sentencing decision. We conclude Simpson has not met his burden to show that counsel's failure prejudiced him.

Accordingly, we affirm the judgment.

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

## FACTUAL AND PROCEDURAL BACKGROUND

### The Offense

On September 10, 2016, David B. received an email from Discover stating his credit card had been used to make a $1,028.94 purchase at a baby store in West Hills. Discover had rejected three other transactions.

Security camera footage from the store showed Simpson entering the store and going to the cash register several times to make purchases. While at the register, he appeared to swipe and insert a debit or credit card numerous times, then signed a receipt.

### Simpson's Plea

Simpson was charged with a single felony count of using personal identifying information without authorization (§ 530.5, subd. (a)), which carries a potential sentence of 16 months, two years, or three years (§§ 530.5, subd. (a), 1170, subd. (h)(1)).

Simpson negotiated a plea bargain with the Attorney General's office, which was handling the case presumably because the victim was a Santa Clara County Deputy District Attorney. Under the deal, Simpson agreed to plead no contest to the charged offense, in exchange for receiving a 16-month sentence to be served in county jail. The deal also included a *Cruz* waiver, by which Simpson agreed that if he "fail[ed] to appear without reasonable justification for future court dates, [he] will lose the benefit of any plea agreement" and could be sentenced to "a different or greater punishment up to the maximum possible sentence, and . . . would not be allowed to withdraw [his] plea because of that different or greater punishment."

At the April 25, 2018 change of plea hearing, the court noted the victim wanted to appear but was unavailable at the moment. The court proceeded with the hearing and entered Simpson's plea, noting the victim could address

3

the court at sentencing. The court observed the 16-month sentence was "in line with what this prosecutor's [office] extends on cases of this type and given [Simpson] has had several theft-related matters."

The court gave Simpson four months to turn himself in so he could "clear up" a case in Los Angeles before serving his sentence in this case. The court ordered Simpson to return to court on August 17, 2018.

## Failures to Appear

Simpson failed to appear, as ordered, on August 17, 2018. Consequently, the court issued a bench warrant.

In April 2019, Simpson was arrested in Los Angeles for resisting an executive officer (§ 69). The prosecutor handling this case tried to have Simpson transferred to Santa Clara County on the bench warrant, but authorities in Los Angeles released him for unknown reasons.

On May 17, 2019, Simpson appeared in court, but the prosecutor was not notified and did not appear. The court ordered Simpson to return on July 15, 2019.

Simpson failed to appear on July 15, 2019, as ordered. Simpson told his counsel he had a plane ticket and was "going to be [t]here on Friday," July 19. The court continued the matter to July 19, but Simpson failed to appear, without explanation. Consequently, the court issued another bench warrant.

In November 2019, Simpson was stopped for a traffic violation in Georgia, and provided false identification to the police officer. Georgia authorities extradited Simpson to Santa Clara County.

## Sentencing

The court held a sentencing hearing on December 20, 2019. Simpson, his counsel, the prosecutor, and the victim appeared.

4

The victim addressed the court first. His comments built on a previous written statement he had provided to the court, which does not appear to be in the appellate record. The victim noted Simpson had: (1) previously committed the same offense; (2) "been a fugitive from justice" for nearly three years; (3) remained law-abiding for only about seven weeks following a previous release from custody; (4) committed new crimes of theft and felony resisting an officer while out on bail in this case; and (5) repeatedly failed to appear in court. The victim, noting Simpson had received a 16-month sentence on his previous conviction for the same offense, requested that the court "send a message" by sentencing Simpson to the upper term of three years.

The court stated it was "familiar with the failures to appear and the circumstances here," and invited defense counsel to respond.

Defense counsel explained Simpson had traveled to Georgia because his mother had had a serious fall and was hospitalized. The court interjected, "if his mother was so important to him, he might have wanted to stay out of custody." Defense counsel acknowledged the situation "was not handled correctly," but further explained that while Simpson's mother was injured, his minor siblings "needed his help." The court again interjected that it is a common condition of release that a defendant not leave the state, and that "if [Simpson] has children, same thing, maybe he ought to be taking care of the children instead of going to jail." Defense counsel clarified he had referred to Simpson's minor siblings, not children, but then acknowledged Simpson does, in fact, have a child.

Next, the prosecutor recounted the chronology of the case and Simpson's failures to appear. Then, after acknowledging "there are many other charges that could be filed" and that it "is against what the victim has

said," the prosecutor recommended the court sentence Simpson to the two-year middle term.

Without further comment, the court sentenced Simpson to the upper term of three years. Defense counsel did not ask the court to state its reasons for imposing the upper term.

## DISCUSSION

### I. No Abuse of Discretion in Imposing the Upper Term

Simpson contends the trial court abused its discretion by imposing the upper-term sentence. We disagree.

Once Simpson failed to appear for sentencing as ordered, the trial court was entitled to deviate from the agreed-upon 16-month sentence and impose a more severe sentence, without giving Simpson the opportunity to withdraw his plea. (See *Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; *People v. Masloski* (2001) 25 Cal.4th 1212, 1219.) And because the plea agreement did not specify what that more severe punishment would be, the trial court's selection of a more severe punishment was a traditional discretionary sentencing decision. (Cf. *People v. Vargas* (1990) 223 Cal.App.3d 1107, 1113 ["The plea bargain specified the sentence defendant was to receive: two years if he appeared at the sentencing hearing, and five years if he did not."]; see *Masloski*, at p. 1222 [" 'when the parties themselves agree as part of the plea bargain to a specific sanction for nonappearance, the court need not permit the defendant to withdraw his or her plea but may invoke the bargained-for sanction' "].)

When a trial court exercises its discretion in selecting a sentence under the 16-month/two-year/three-year sentencing triad (§ 1170, subd. (h)(1)), the court must "set forth on the record the facts and reasons for choosing the sentence imposed" (*ibid*., subd. (b)(5); see *ibid*., subd. (c) ["The court shall

6

state the reasons for its sentence choice on the record at the time of sentencing."]; Cal. Rules of Court, rule 4.420(e)[3] ["The reasons for selecting one of the three authorized terms . . . must be stated orally on the record."]; *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1324-1325.)

"A trial court's decision to impose a particular sentence is reviewed for abuse of discretion and will not be disturbed on appeal 'unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Jones* (2009) 178 Cal.App.4th 853, 860.)

To the extent Simpson contends the trial court abused its sentencing discretion by failing to state its reasons for imposing the upper-term sentence, Simpson—by his own admission—forfeited the contention by failing to request such a statement at sentencing. (*In re Sheena K.* (2007) 40 Cal.4th 875, 881; see *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297 ["By failing to raise a contemporaneous request for the court to state reasons for its sentencing decisions, defendant failed to preserve the claim for review."].)

And to the extent Simpson contends the court otherwise abused its discretion on the merits, the contention fails. Simpson acknowledges that the record appears to show he "had served a prior prison term," which he further acknowledges is "an aggravating factor under . . . rule 4.421(b)(3)." "The existence of *one* aggravating factor is sufficient to support imposing the upper term." (*People v. Hicks* (2017) 17 Cal.App.5th 496, 512-513, italics added; see

---

[3]    All further rule references are to the California Rules of Court.

*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1374 ["Only one aggravating factor need be cited to support imposition of an upper term."].)[4]

There likely are additional aggravating factors on which the court could have relied. Indeed, Simpson acknowledges that at least "two are arguably applicable: that the manner in which the crime was carried out indicates planning, sophistication, or professionalism (. . . rule 4.421(a)(8)); and that the crime involved an attempted or actual taking or damage of great monetary value (. . . rule 4.421(a)(9).)" Although Simpson quibbles with the latter factor's applicability in light of the amount he charged to the victim's credit card, he takes no issue with the former factor.

The victim also advised the court during his impact statement that Simpson had suffered several prior convictions. This would constitute another aggravating factor sufficient, on its own, to justify imposing the upper term. (See rule 4.421(b)(2).)

As evidence that the court abused its discretion, Simpson cites the fact the probation officer recommended a 16-month sentence. This ignores that the probation officer's report was cursory and stated it "was prepared to reflect" the parties' 16-month plea bargain. Moreover, the trial court was not required to follow the probation officer's sentencing recommendation. (See *People v. Downey* (2000) 82 Cal.App.4th 899, 910 ["[The trial court] was not . . . required to follow the recommendations in [the probation officer's]

---

[4]     Simpson argues a single aggravating factor is only sufficient if the trial court *actually* relied on it or *would have* if it were the only aggravating factor in the case. The only authority he cites to support this proposition is the *concurring opinion* in *People v. Velasquez* (2007) 152 Cal.App.4th 1503 at page 1519. "A concurring opinion does not constitute authority under the doctrine of stare decisis." (*People v. Superior Court* (*Persons*) (1976) 56 Cal.App.3d 191, 194.)

reports."]; *People v. Delson* (1984) 161 Cal.App.3d 56, 63 [probation officer's "recommendation is advisory only, provided in order to aid the sentencing court in determining an appropriate disposition, and may be rejected in its entirety"].)

Simpson also cites the fact the trial court acknowledged a 16-month sentence "is in line with what this prosecutor's [office] extends on cases of this type . . . ." But it is well-settled that the trial court was not required to follow the prosecutor's sentencing recommendation.

## II.  No Ineffective Assistance of Counsel

Relatedly, Simpson contends that his trial counsel's failure to request that the court state its reasons for imposing the upper-term sentence constituted ineffective assistance because it forfeited the issue for appeal and caused the court to impose a more severe sentence than it would otherwise have imposed had counsel requested a statement of reasons.  We are not persuaded.

"A criminal defendant's federal and state constitutional rights to counsel (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15) include the right to *effective* legal assistance."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*); see *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 692-694 (*Strickland*).)  "To make out a claim that counsel rendered constitutionally ineffective assistance, 'the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms.  Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.' "  (*People v. Hoyt* (2020) 8 Cal.5th 892, 958; see *Mai*, at p. 1009.)  We may address the prongs in whichever order is most efficient, and we need

not address one if the other is lacking. (*Strickland*, at p. 697; see *People v. Carrasco* (2014) 59 Cal.4th 924, 982.)

It is most efficient here for us to proceed immediately to the prejudice prong because it is clear Simpson has not met his burden of establishing it. (See *Strickland, supra,* 466 U.S. at p. 697 ["expect[ing]" it "will often be" the case that "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice"].) To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some *conceivable* effect on the outcome of the proceeding." (*Id.* at p. 693, italics added.) Rather, "[t]he defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694, italics added; see *Harrington v. Richter* (2011) 562 U.S. 86, 112 ["The likelihood of a different result must be substantial, not just conceivable."]; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241 (*Fairbank*) ["A defendant must prove prejudice that is a ' "demonstrable reality," not simply speculation.' "].)

Simpson asserts "it is reasonably likely" that had his counsel requested a statement of reasons at sentencing, the trial court would have realized "that no new facts about the crime had come to light" and imposed either the 16-month lower-term or two-year middle-term sentence. This is "simply speculation." (*Fairbank, supra,* 16 Cal.4th at p. 1241.) To begin with, new facts *had* come to light. Wholly apart from Simpson's several intervening failures to appear, the victim, who was unable to attend the change of plea hearing, addressed the court at the sentencing hearing and objected to the lower-term sentence because of Simpson's criminal record. And, in any event, it is far more likely that had Simpson's counsel requested a statement of

10

reasons, the trial court would simply have cited one or more of the aggravating factors addressed in Discussion part I, *ante*.

## DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.