Filed 5/13/25  P. v. Aguirre CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRINIA AGUIRRE,<br><br>    Defendant and Appellant. | B337366<br><br>(Los Angeles County<br>Super. Ct. No. KA033695) |

    APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

    Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

    Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

In 1996 Trinia Aguirre, who was 21 years old at the time, and her boyfriend killed four people and injured several others during a home invasion robbery.  Aguirre had a knife, her boyfriend had a gun.

In 1998 a jury convicted Aguirre on four counts of murder, three counts of attempted murder, and four counts of first degree robbery.  The trial court found true multiple-murder special circumstance, firearm, and weapon allegations.  The trial court sentenced Aguirre to life in prison without the possibility of parole on one of the murder convictions and a concurrent term of life without the possibility of parole on each of the other three murder convictions, a concurrent term of seven years on each of the attempted murder convictions, and a concurrent term of four years on each of the robbery convictions (plus one year on each conviction for personally using the knife).

In March 2023 Aguirre filed a petition under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to preserve youth-related mitigating evidence for a future youth offender parole hearing under Penal Code section 3051.[1]  The superior court denied the petition, ruling Aguirre was ineligible for a *Franklin* hearing because she was sentenced to life without the possibility of parole for a controlling offense she committed after she was 18 years old, and section 3051, subdivision (h), excludes youthful offenders like Aguirre.  The court also ruled excluding youthful homicide offenders sentenced to life without the possibility of parole "from eligibility for [a] hearing to preserve evidence of youth-related mitigating factors does not violate equal protection."  Aguirre timely appealed.

---

[1]      Statutory references are to the Penal Code.

2

Section 3051 "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*People v. Hardin* (2024) 15 Cal.5th 834, 838.) "Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Id.* at pp. 838-839; see *People v. Williams* (2024) 17 Cal.5th 99, 116; *People v. Briscoe* (2024) 105 Cal.App.5th 479, 484.) Defendants who are ineligible for a youth offender parole hearing under section 3051 are not entitled to a *Franklin* hearing to preserve evidence for such a parole hearing. (*People v. Mason* (2024) 105 Cal.App.5th 411, 415.)

Aguirre argues the exclusion in section 3051 of youth offenders 18 years old or older sentenced to life without the possibility of parole violates her right to equal protection. In *People v. Hardin*, *supra*, 15 Cal.5th 834, however, the Supreme Court rejected the argument "section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied" to defendants "who are serving life without parole sentences for special circumstance murder." (*Id.* at p. 839.) Aguirre acknowledges the Supreme Court's decision in *Hardin* forecloses her equal protection argument, but she urges us to follow the dissenting opinion in *Hardin*. This we cannot do. (See *People v. Lopez* (2012) 55 Cal.4th 569, 585 ["dissenting opinions are not binding precedent"]; *Glover v. Board of Retirement* (1989)

3

214 Cal.App.3d 1327, 1337 [a "'majority opinion of the Supreme Court states the law and . . . a dissenting opinion has no function except to express the private view of the dissenter'"]; *Wall v. Sonora Union High School Dist.* (1966) 240 Cal.App.2d 870, 872 [same].)

Aguirre also argues the exclusion in section 3051 of youth offenders sentenced to life without the possibility of parole who were 18 years old or older constitutes cruel and unusual punishment under the federal constitution and cruel or unusual punishment under the state constitution. This argument, too, lacks merit. (See *People v. Sands* (2021) 70 Cal.App.5th 193, 204 [sentence of life without the possibility of parole "does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26"]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 781 [*Miller v. Alabama* (2012) 567 U.S. 460, which held the Eighth Amendment prohibits sentencing a juvenile to a mandatory term of life in prison without possibility of parole, "applies to juvenile offenders sentenced to mandatory LWOP terms, not 21 year olds"]; *In re Williams* (2020) 57 Cal.App.5th 427, 439 [Eighth Amendment does not prohibit imposing a sentence of life without the possibility of parole on a 21-year-old defendant]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1020, 1030-1032 [Eighth Amendment does not prohibit imposing a sentence of life without the possibility of parole on an 18-year-old defendant]; see also *People v. Flores* (2020) 9 Cal.5th 371, 429 [Eighth Amendment does not prohibit imposing a sentence of death on a 21-year-old defendant]; *People v. Baker* (2018) 20 Cal.App.5th 711, 733 ["[t]here is considerable overlap in the state and federal approaches" to the Eighth Amendment and article I, section 17 of the California Constitution, and '[a]lthough

articulated slightly differently, both standards prohibit punishment that is "grossly disproportionate" to the crime or the individual culpability of the defendant"].)

The order denying Aguirre's request for a *Franklin* hearing is affirmed.


SEGAL, Acting P. J.


We concur:


FEUER, J.


STONE, J.